```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
_____

                                 (
VERNETHA TOWNSEND,               (
                                 (
          Plaintiff,             (
                                 (
vs.                              (        No. 06-2543-B/P
                                 (
CITY OF DYERSBURG,               (
                                 (
          Defendant.             (
                                 (
_____

                       ORDER OF DISMISSAL
         ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                              AND
               ORDER ASSESSING APPELLATE FILING FEE
_____
```

The Plaintiff, Vernetha Townsend, filed a pro se employment discrimination complaint under Title VII, along with a motion for appointment of counsel. Townsend paid the filing fee. On September 1, 2006, the Court entered an order denying Plaintiff's motion for appointment of counsel and directing Plaintiff to amend her complaint to demonstrate that she filed her complaint within ninety days of receiving her notice of right to sue, or alternatively, to state grounds for the application of equitable tolling of the statute of limitations.[1] On September 18, 2006, Plaintiff filed an amended complaint asserting that she called the United States District Court on June 20, 2006, and requested a form complaint for Title VII actions by letter dated June 23, 2006. She

---

[1] Plaintiff alleged that she received her notice of right to sue on April 25, 2006. She did not file her complaint until August 22, 2006.

further alleges that she did not receive the form until July 29, 2006. Townsend claims that she has continually attempted to hire an attorney.

Under 42 U.S.C. § 2000e-5(f)(1), an employee must file a civil action within ninety days of the receipt of the notice of right to sue. The time limits for filing a Title VII action in court under the statute are not jurisdictional and may be tolled. The federal courts only sparingly resort to equitable tolling. Irwin v. Dept. of Vet. Affairs, 498 U.S. 89, 96 (1990); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Typically, equitable tolling will apply only when the litigant's failure to satisfy a deadline resulted from circumstances beyond his control. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (per curiam). Townsend's ninety day deadline expired on July 24, 2006 and her complaint filed on August 22, 2006 is untimely.

Equitable tolling is only available if a claimant has actively pursued timely judicial remedies or if "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Neal v. Xerox Corp., 991 F. Supp. 494, 499 (E.D. Va. 1998)(citing Irwin). "Equitable tolling, or waiver, . . . is  available only in compelling cases which justify a departure from established  procedures." Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1488 (6th Cir. 1989).

The Sixth Circuit has identified five factors to consider in determining the appropriateness of tolling a limitations period: (1) lack of actual notice, (2) lack of constructive knowledge, (3)

diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) Plaintiff's reasonableness in remaining ignorant of the requirement. Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998); E.E.O.C. v. Kentucky State Police Dep't, 80 F.3d 1086, 1094 (6th Cir. 1996). See also Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988).

    The only basis for equitable tolling presented here is Townsend's allegation that she did not receive a form complaint for actions under Title VII until July 29, 2006. However, Plaintiff received her notice of right to sue on April 25, 2006, and allowed sixty days of her ninety day period to pass before requesting the form complaint. Plaintiff failed to allege that she was unaware of the ninety day time limit and did not file her complaint in a timely manner. Her own lack of diligence, not any misconduct by her adversary, has resulted in a time-barred complaint. Banks v. Rockwell International North American Aircraft Operations, 855 F.2d 324, 326 (6th Cir. 1988); Hunter v. Stephenson Roofing Co., 790 F.2d 472, 474 (6th Cir. 1986). "Even uncounseled litigants must act within the time provided by statutes and rules." Truitt v. County of Wayne, 148 F.3d 644, 647 (6th Cir. 1998) (quoting Williams-Guice v. Board of Educ., 45 F.3d 161, 164 (7th Cir. 1995)). The Sixth Circuit has upheld the dismissal of similar actions where a plaintiff filed his complaint ninety-one (91) days after receipt of his right to sue letter. See Peete v. American Standard Graphic, 885 F.2d 331 (6th Cir. 1989).

According to the Sixth Circuit, "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). Plaintiff has now been afforded an opportunity to amend.[2]  Because Townsend's complaint fails to state a claim, her contentions are inadequate to invoke this Court's subject matter jurisdiction.

---

[2]    Plaintiff's complaint is a pro se complaint subject to screening under 28 U.S.C. § 1915(e)(2) which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal-
>       (i)   is frivolous or malicious;
>       (ii)  fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The United States Court of Appeals for the Sixth Circuit has opined that:

> Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2).  The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners.  The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The moment the complaint is filed, it is subject to review under § 1915(e)(2).  If the complaint falls within the  requirements of § 1915(e)(2) when filed, it must be dismissed.

In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(articulating how district courts should apply the PLRA).  The Court has applied this opinion in a published decision, stating unequivocally: "even if the full filing fee is paid, the district court must dismiss the complaint if it comports with § 1915(e)(2)." McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997).

Therefore, the entire complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h). Hagans v. Levine, 415 U.S. 528, 536-37 (1974); Apple, 183 F.3d at 479.

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss Plaintiff's complaint as time-barred compel the conclusion that an appeal would fail to state a claim and would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith and she may not proceed on appeal in forma pauperis.

The decisions in McGore v. Wrigglesworth, 114 F.3d 601, 612-13 (6th Cir. 1997) and Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999) apply to any appeal filed by Townsend in this case. If Plaintiff files a notice of appeal, she must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917,[3] or attempt to renew her request for leave to appeal in forma pauperis by filing "within thirty days after service of the district court's decision

---

[3] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

as prescribed by Fed. R. App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as a pauper on appeal." <u>Callihan</u>, 178 F.3d at 803.  Under <u>Callihan</u>, if the appellant does not within this thirty-day period file the required motion or pay the filing fee, the appeal will be dismissed for want of prosecution.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  <u>Id.</u> at 804.

    IT IS SO ORDERED this 27th day of September, 2006.

                                    <u>s/ J. DANIEL BREEN        </u>
                                    UNITED STATES DISTRICT JUDGE